IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MONTANA ENVIRONMENTAL INFORMATION CENTER, SIERRA CLUB, WILDEARTH GUARDIANS, and CITIZENS FOR CLEAN ENERGY,<br><br>Plaintiffs,<br><br>vs.<br><br>MONTANA DEPARTMENT OF ENVIRONMENTAL QUALITY, CHRISTOPHER DORRINGTON, in his official capacity as director of Montana Department of Environmental Quality, and DAN WALSH, in his official capacity as Bureau Chief of the Mining Bureau of the Montana Department of Environmental Quality,<br><br>Defendants. | Case No. 4:23-cv-0028-BMM<br><br>**CONSENT DECREE** |

## RECITALS

1. The Surface Mining Control and Reclamation Act (Surface Mining Act) was enacted to, among other things, "establish a nationwide program to protect society and the environment from the adverse effects of surface coal mining operations." 30 U.S.C. § 1202(a).

2. Under the Surface Mining Act, states may develop and administer regulatory programs that meet federal standards. 30 U.S.C. § 1253(a). "States with

an approved State program shall implement, administer, enforce and maintain it in accordance with the Act, this chapter and the provisions of the approved State program." 30 C.F.R. § 733.11.

3. If a state "propose[s] changes which affect the implementation, administration or enforcement of [an] approved State program," the state regulatory authority must promptly notify the Director of the U.S. Office of Surface Mining Reclamation and Enforcement (OSMRE) in writing of the proposed changes. *Id.* § 732.17(b).

4. "Whenever changes to laws or regulations that make up the approved State program are proposed by the State, the State shall immediately submit the proposed changes to the Director as an amendment." *Id.* § 732.17(g).

5. "No such change to laws or regulations shall take effect for purposes of a State program until approved as an amendment" by the Director of OSMRE. *Id.* § 732.17(g).

6. "Within 30 days after receipt of a State program amendment from a State regulatory authority, the Director [of OSMRE] will publish a notice of receipt of the amendment in the Federal Register." *Id.* § 732.17(h)(1).

7. After publishing notice in the Federal Register, OSMRE will open a public comment period of at "minimum" 30 days. *Id.* § 732.17(h)(3). OSMRE may

also schedule a public hearing on the proposed amendment "no sooner than five days before the close of the public comment period." *Id.* § 732.17(h)(5).

8. Within "30 days after the close of the public comment period" the Director of OSMRE will "approve or disapprove the amendment request." *Id.* § 732.17(h)(7).

9. "All decisions approving or not approving program amendments must be published in the Federal Register and will be effective upon publication unless the notice specifies a different effective date. The decision approving or not approving program amendments will be published in the Federal Register within 30 days after the date of the Director's decision." *Id.* § 732.17(h)(12).

10. The State of Montana, through Defendants, administers a federally approved state program—the Montana Strip and Underground Mine Reclamation Act (Montana Program). 30 C.F.R. Part 926; Mont. Code Ann. §§ 82-4-201 to -254; Admin. R. Mont. 17.24.301 to 1826.

11. The Montana Department of Environmental Quality (DEQ) administers all aspects of the Montana Program, except contested case proceedings, which are conducted by the Montana Board of Environmental Review. Mont. Code Ann. § 82-4-205(1), (2); 30 C.F.R. § 926.30, art. I.C. Under the Montana cooperative agreement between the State of Montana and the U.S.

Department of the Interior, changes to the Montana Program "will be made under the procedures of 30 CFR part 732." 30 C.F.R. § 926.30, art. XIV.A.

12. The 2023 Montana Legislature enacted House Bill 576 (HB 576).

13. HB 576 revised the definition of "material damage" to the hydrologic balance under MSUMRA, among other changes.

14. HB 576 included a provision making the act "effective on passage and approval." H.B. 576, 68th Leg., Reg. Sess., sec. 6 (Mont. 2023).

15. HB 576 included a retroactivity provision. H.B. 576, 68th Leg., Reg. Sess., sec. 7 (Mont. 2023).

16. Governor Gianforte signed HB 576 on May 19, 2023.

17. The 2023 Montana Legislature enacted Senate Bill 392 (SB 392).

18. SB 392 revised the determination of awards of costs and attorneys' fees under MSMRA.

19. SB 392 included a provision making the act "effective on passage and approval." S.B. 392, 68th Leg., Reg. Sess., sec. 7 (Mont. 2023).

20. Governor Gianforte signed SB 392 on May 8, 2023.

21. Plaintiffs Montana Environmental Information Center, Sierra Club, WildEarth Guardians, and Citizens for Clean Energy (together, "Plaintiffs") brought this action against DEQ, DEQ Director Chris Dorrington, and DEQ Mining Bureau Chief Dan Walsh (together, "Defendants") on June 1, 2023,

pursuant to the citizen suit provision of the Surface Mining Law, 30 U.S.C. § 1271(a)(2) to enjoin Defendants from applying, effectuating, or enforcing the provisions of HB 576 or SB 392 unless and until they are reviewed and approved by the Director of OSMRE. (Doc. 1.) Plaintiffs also sought declarations that the immediate effectiveness provisions of HB 576 and SB 392 violate the Surface Mining Act. (*Id.*)

22.  Plaintiffs simultaneously moved for a temporary restraining order and preliminary injunction. (Doc. 4.)

23.  On June 21, 2023, Plaintiffs and Defendants filed a stipulation in which, *inter alia*, Defendants agreed not to take action to apply, effectuate, or enforce provisions of HB 576 or SB 392 for 210 days, and Plaintiffs agreed to stay briefing on their motion for a temporary restraining order. (Doc. 9.)

24.  On June 23, 2023, this Court approved the stipulated agreement. (Doc. 10.)

25.  Defendants notified OSMRE and submitted program amendment requests for HB 576 and SB 392 to OSMRE pursuant the provisions of 30 C.F.R. § 732.17 and the Montana cooperative agreement on June 1, 2023, and June 22, 2023.

26.  On August 7, 2023, OSMRE published notice in the Federal Register, announcing its receipt of proposed program amendments for HB 576 and SB 392.

88 Fed. Reg. 52,084, 52,084 (Aug. 7, 2023); 88 Fed. Reg. 52,086, 52,086 (Aug. 7, 2023).

27.   On September 11, 2023, Plaintiffs filed their First Amended Complaint, withdrawing their requests for declarations that the immediate effectiveness provisions of HB 576 and SB 392 violate the Surface Mining Act. (Doc. 21.)

28.   Plaintiffs and Defendants (together, "Parties") recognize, and the Court by entering this Consent Decree finds, that the Consent Decree was negotiated by the Parties in good faith and will avoid further litigation among the Parties, and that this Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, with the consent of the Parties, IT IS HEREBY ADJUDGED ORDERED AND DECREED as follows:

## JURISDICTION AND VENUE

29.   This Court has jurisdiction pursuant to the citizen suit provision of the Surface Mining Act. 30 U.S.C. § 1270(a)(2).

30.   Venue is proper in this District under the Surface Mining Act. 30 U.S.C. § 1270(c)(1).

## APPLICABILITY

31.   The provisions of this Consent Decree are binding on Plaintiffs and Defendants and those with authority to act on their behalf, including, but not

limited to, their officers, directors and staff, and their respective successors and/or assigns, and upon other persons or entities otherwise bound by law.

## RELIEF

32. Defendants agree not to apply, effectuate, or enforce any provision of HB 576 or SB 392 unless and until it is reviewed and approved by the Director of OSMRE, pursuant to the provisions of 30 C.F.R. § 732.17 and the Montana cooperative agreement.

## COSTS AND FEES

33. Plaintiffs agree that they will not seek costs or attorneys' fees from Defendants. Defendants agree that they will not seek costs or attorneys' fees from Plaintiffs.

## EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

34. This Consent Decree resolves all of Plaintiffs' claims for relief alleged in their First Amended Complaint.

35. This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any person or entity not a party to this Consent Decree.

36. This Consent Decree does not amount to any comment, admission, or criticism by the Defendants regarding whether HB 576 and SB 392 are compliant with, or less stringent than, the federal standards.

## EFFECTIVE DATE

37. The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court.

## RETENTION OF JURISDICTION

38. This Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Consent Decree, entering orders modifying this Consent Decree, or effectuating or enforcing compliance with the terms of this Consent Decree.

39. Plaintiffs and Defendants reserve all legal and equitable rights and defenses available to them to enforce or defend the provisions of this Consent Decree, subject to provisions herein.

## MODIFICATION

40. The terms of this Consent Decree may only be modified by a subsequent written agreement signed by all Parties or upon motion properly presented to and approved by the Court. Where the modification constitutes a material change to this Consent Decree, it shall be effective only upon approval by the Court.

## SIGNATORIES

41. Each undersigned representative of Plaintiffs and Defendants certifies that he or she is fully authorized to enter into the terms and conditions of this

Consent Decree and to execute and legally bind the Party he or she represents to this document.

42. This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.

## INTEGRATION

43. This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein. No other document, representation, inducement, agreement, understanding or promise constitutes any part of this Consent Decree or the settlement it represents, nor shall it be used in construing the terms of this Consent Decree.

## TERMINATION OF CONSENT DECREE

44. This Consent Decree shall terminate once the Director of OSMRE has issued a final decision on HB 576 and SB 392 either approving or denying the proposed amendments to the Montana Program, either in whole or in part.

## FINAL JUDGMENT

45. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to Plaintiffs and Defendants. The Court finds that there is no reason for delay and, therefore, enters

this judgment as a final judgment under Federal Rules of Civil Procedure 54 and 58. Subject to this Court's continuing jurisdiction as provided herein, the Clerk shall administratively close this case on the Court's docket.

Entered: _____

_____
Hon. Brian Morris, Chief District Judge
United States District Court


For Plaintiffs Montana Environmental Information Center, Sierra Club, WildEarth Guardians, and Citizens for Clean Energy:

/s/ Shiloh Hernandez
Shiloh Hernandez
Mary Cochenour
Earthjustice
313 East Main Street
P.O. Box 4743
Bozeman, MT 59772-4743
(406) 586-9699
mcochenour@earthjustice.org
shernandez@earthjustice.org


For Defendants Montana Department of Environmental Quality, Director Chris Dorrington, and Mining Bureau Chief Dan Walsh:

Samuel King
Samuel King
Jeremiah Langston
Montana Department
of Environmental Quality
1520 East Sixth Street Avenue

PO Box 2000901
Helena, MT 59620-0901
(406) 444-4961
Samuel.King@mt.gov
Jeremiah.Langston2@mt.gov