IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MONTANA ENVIRONMENTAL INFORMATION CENTER, SIERRA CLUB, WILDEARTH GUARDIANS, and CITIZENS FOR CLEAN ENERGY,<br><br>     Plaintiffs,<br><br> v.<br><br>MONTANA DEPARTMENT OF ENVIRONMENTAL QUALITY, CHRISTOPHER DORRINGTON, in his official capacity as director of Montana Department of Environmental Quality, and DAN WALSH, in his official capacity as Bureau Chief of the Mining Bureau of the Montana Department of Environmental Quality,<br><br>     Defendants. | CV-23-28-GF-BMM<br><br>ORDER |

**INTRODUCTION**

The Montana Attorney General, acting on behalf of the State of Montana ("the State"), filed a motion to intervene in this action on August 3, 2023. (Doc. 12.) Montana Environmental Information Center, Sierra Club, Wildearth Guardians, and Citizens for Clean Energy (collectively "Plaintiffs") oppose the State's motion to intervene (Doc. 16.) Westmoreland Rosebud Mining LLC ("Westmoreland") filed a

motion to intervene on August 29, 2023. (Doc. 17.) Plaintiffs stipulated to Westmoreland's intervention on September 13, 2023. (Doc. 22.) Plaintiffs and the Montana Department of Environmental Quality, Christopher Dorrington, and Dan Walsh (collectively "Defendants") filed a joint motion for a consent decree on September 22, 2023. (Doc. 24.)

The Court allowed the State and Westmoreland to submit provisional briefs concerning the joint motion for a consent decree. (Doc. 29.) The Court also allowed the existing parties to file supplemental briefs concerning the proposed consent decree. (*Id.*) The State filed an objection to the consent decree on October 16, 2023. (Doc. 33.) Westmoreland filed an objection to the proposed consent decree on October 13, 2023. (Doc. 31.) Defendants filed a motion in support of the joint consent decree on October 13, 2023. (Doc. 32.) Plaintiffs filed a motion in support of the joint consent decree on October 15, 2023. (Doc. 34.) The Court held a motions hearing on October 15, 2023, in Helena, Montana. (Doc. 35.)

**FACTUAL BACKGROUND**

This case involves challenges to Montana statutes House Bill 576 ("HB 576") and Senate Bill 392 ("SB 392"). HB 576 modifies the standards for evaluating whether "material damage" has occurred regarding water quality standards. (Doc. 21 at 20-21). SB 392 modifies the attorney's fees and costs provision for claims asserted under the Surface Mining Act. (*Id.* at 4); (*id.* at 23.) Plaintiffs claim that SB

392 and HB 576 modify the federally approved Montana Strip and Underground Mine Reclamation Act (SMURMA) program immediately, without the required review and approval by relevant federal agencies. (*Id.* at 20.) Plaintiffs seek to enjoin Defendants from applying, effectuating, or enforcing any provisions of HB 576 or SB 392 unless and until they are first reviewed by federal agencies and the public and approved by the U.S. Office of Surface Mining Reclamation and Enforcement ("OSMRE") and the U.S. Environmental Protection Agency ("EPA"). (*Id.* at 27.) Plaintiffs also seek fees, costs, and other expenses provided by the Surface Mining Act. (*Id.*)

## LEGAL BACKGROUND

Plaintiffs and Defendants stipulated to a 210 day stay of the preliminary injunction proceedings, and agreed not to take any action to apply, effectuate, or enforce HB 576 and SB 392 for the same 210 day period. (Doc. 9 at 3.) The Court approved the stipulation and stay on June 22, 2023. (Doc. 10.) The 210 day stay expires on January 18, 2024.

## DISCUSSION

The Court first will discuss the State's motion to intervene. The Court will then consider Westmoreland's motion to intervene. The Court will lastly consider the proposed consent decree.

    **i.**    **The State's Motion to Intervene.**

Pursuant to Federal Rule of Civil Procedure 24(b), intervention may be allowed at the court's discretion under the following conditions:

(1) a federal statute confers a conditional right to intervene; or

(2) the applicant's claim or defense and the main action involve a common question of fact of law; and

(3) allowing intervention will not unduly delay or prejudice the adjudication of the original parties' rights.

*Id.* Permissive intervention must be timely, and in assessing timeliness, courts consider three factors: "the stage of the proceedings, the prejudice to existing parties, and the length of and reason for the delay." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997). In addition to the factors listed in the Federal Rule of Civil Procedure 24(b), the court may consider a number of other factors:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011) (citation omitted). Permissive intervention rests in the sound discretion of the court. *See Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

The Court need not consider the elements set forth by the Ninth Circuit for intervention as a matter of right under Rule 24(a). *See Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011). The Court, exercising its discretion under Rule 24(b), determines that the State has met the elements for permissive intervention. The State's motion for intervention is timely. The proceedings are at an early stage, as Plaintiffs filed their original complaint on June 1, 2023, and their amended complaint on September 11, 2023. (*See* Doc. 1); (Doc. 21.) The Court has not yet entered a scheduling order, and there is currently a 210 day stay against Defendants enforcing HB 576 or SB 392. (Doc. 10.)

The State's defense involves a common question of fact and law: the validity of HB 576 and SB 392. The State seeks to advance a legal position not represented by the current parties: a substantive defense of HB 576 and SB 392. The State contends that Defendants do not intend to offer a substantive defense of either statute. (Doc. 20 at 6-7.) The State's presence in this action will ensure that the State's interest in ensuring the validity of both statutes adequately will be represented. The State's presence will not unduly delay the adjudication of the original parties' rights. Defendants are currently stayed from enforcing either HB 576 or SB 392 for 210 days. (*See* Doc. 10). The State indicates that it will not challenge the validity of the 210 day stay. (Doc. 20 at 15.)

Plaintiffs admittedly may suffer prejudice if the Court permits the State to intervene. Confusion may arise if the Defendants, as state officials, and the State disagree. Having one party of state officials, and one party as the State, may lead to inconsistent positions and a lack of clarity. To remedy this potential prejudice, the Court permits the State's intervention on the condition that the State and Defendants meet and confer before filing motions or briefs to determine whether their positions may be set forth in a single consolidated filing. The State and Defendants jointly shall certify compliance with this requirement and shall describe the need for any separate filings in such compliance certificate. *See Waterkeeper All., Inc. v. Wheeler*, 330 F.R.D. 1, 10 (D.D.C. 2018).

The State also will not be permitted to challenge the 210 day stay. It is widely recognized that a court may impose conditions when allowing a party to intervene. *See, e.g.,* § 1922 Conditions on Intervention, 7C Fed. Prac. & Proc. Civ. § 1922 (3d ed.) "Since the trial court has full discretion to grant or deny an application for permissive intervention under Rule 24(b), it may if it chooses impose conditions on its grant of the application." *Id.*

### ii. Westmoreland's Motion to Intervene.

Plaintiffs and Westmoreland stipulated to Westmoreland's intervention in this action on the condition that Westmoreland not seek to reopen the 210 day stay. (Doc.

22 at 2.) The Court permits Westmoreland to intervene in this action subject to the agreed upon limitation.

### iii. The Proposed Consent Decree.

Plaintiffs and Defendants filed a joint motion for a consent decree. (Doc. 24.) Under the proposed consent decree, Defendants agree not to apply, effectuate, or enforce any provision of HB 576 or SB 392 unless and until they are reviewed and approved by the Director of OSMRE. (Doc. 24-1 at 7.) Plaintiffs and Defendants agree not to seek costs or attorney's fees. (*Id.*)

"[A] district court should enter a proposed consent judgement if the court decides that it is fair, reasonable, and equitable and does not violate the law or public policy." *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990) (citation omitted). "A federal consent decree or settlement agreement cannot be a means for state officials to evade state law." *League of Residential Neighborhood Advocs. v. City of Los Angeles*, 498 F.3d 1052, 1055 (9th Cir. 2007). A district court may not supersede state law unless it conflicts with any federal law. *See, e.g., Keith v. Volpe*, 118 F.3d 1386, 1393 (9th Cir. 1997). "A consent decree is not a method by which state agencies may liberate themselves from the statutes enacted by the legislature that created them." *Kasper v. Board of Election Comm'rs*, 814 F.2d 332, 341 (7th Cir. 1987).

The 210 day stay expires January 18, 2024. (*See* Doc. 10.) The State notes that federal law requires the OSMRE to act on Defendant's application to amend Montana's program by December 6, 2023, with publication of its decision in the Federal Register due by January 5, 2024. (Doc. 33 at 2.) The Court recognizes that the proposed consent decree expires "once the Director of OSMRE has issued a final decision on HB 576 and SB 392 either approving or denying the proposed amendment to the Montana Program, either in whole or in part." (Doc. 24-1 at 9.) The deadline for program approval or denial and publication falls before the expiration of the 210 day stay. The Court will hold in abeyance consideration of the proposed consent decree until the expiration of the 210 day stay. The Court directs the parties to file a status report within 7 days of either 1) OSRME approving or denying Defendants application for program amendments, or 2) expiration of the 210 day stay.

## ORDER

Accordingly, **IT IS ORDERED:**

1. The State's Motion to Intervene (Doc. 12) is **GRANTED**, subject to the conditions that the State and Defendants must confer before filing motions or briefs to determine whether their positions may be set forth in a single consolidated filing, and shall certify compliance with this requirement and

shall describe the need for any separate filings in a compliance certificate. The State additionally is prohibited from challenging the 210 day stay.

2. Westmoreland's Motion to Intervene (Doc. 18) is **GRANTED,** subject to the condition that Westmoreland is prohibited from challenging the 210 day stay.

3. The Proposed Consent Decree is **STAYED** pending OSMRE's review of the state's program amendments and the expiration of the 210 day stay, whichever occurs first.

4. The parties are ordered to file a status update within 7 days of OSMRE publishing its determination of the state's program amendments or the expiration of the 210 day stay, whichever occurs first.

DATED this 31st day of October, 2023.

_/s/ Brian Morris_  
Brian Morris, Chief District Judge  
United States District Court